UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **WESLEY MEAD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No: 7:10-cv-00139-CLS-JEO |
| | ) |
| **JOHN D. DECARLO,** | ) |
| **M. DAVID BARBER,** | ) |
| **GLEN L. DAVIDSON,** | ) |
| **HON. TERESA T. PULLIAM,** | ) |
| **HON. J. SCOTT VOWELL,** | ) |
| **HON. JAMES H. HARD, III,** | ) |
| **BRYANT E. MORGAN,** | ) |
| **O. (PETE) JOHNSON,** | ) |
| **GEORGE ANDREWS,** | ) |
| **JAMES KENDRICH, and** | ) |
| **JOHN DOE,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

This is a *pro se* action wherein the plaintiff alleges that the defendants violated his civil rights in the prosecution of two assault cases against him. Following a review of this matter by a magistrate judge of this Court, a report and recommendation was filed, including factual and legal findings and a recommendation that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). (Doc. no. 16). The plaintiff filed lengthy objections to the report and recommendation on August 3, 2010. (Doc. no. 18). He has also filed a

"Motion for a Required Joinder." (Doc. no. 17). After review of his objections, the Court finds they are without merit. The Court further finds that the motion for joinder is due to be denied.

## BACKGROUND

The plaintiff was initially convicted of second degree assault in one case and first degree assault in another, which were consolidated at trial. (Doc. no. 1 at Attached p.14; *See Mead v. State*, 472 So. 2d 449 (Ala. Cr. App. 1985)). With respect to these prior convictions, the Alabama Court of Criminal Appeals held that trial court committed reversible error in allowing the prosecution to cross-examine Mead about his post-arrest silence. *Mead*, 472 So. 2d at 450. The case was reversed and remanded for a new trial. The plaintiff claims that after the case was reversed and remanded, the District Attorney did not obtain a new indictment, which "may have intended to imply there was no cause to indict" and the case should have been dismissed. (Doc. no. 1 at Attached p. 9). However, he states that the prosecutor "did go forward to prosecute [plaintiff which] shows malicious prosecution" and "deliberate indifference." (*Id*.) The plaintiff also alleges additional vague and conclusory claims which challenge the invalidity of his subsequent conviction, such as a failure to credit time served, false imprisonment and for "making Mead answer for a capital crime without an indictment." (*Id*. at 11). Finally, he challenges the

2

competency of his attorneys. (*Id*. at 15).

## THE PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Initially, the plaintiff argues that the provisions of *Heck v. Humphrey*, 512 U.S. 477 (1994), that the magistrate judge cited in his recommendation, are not applicable to his claims because his conviction was invalidated by the Alabama Court of Criminal Appeals. The plaintiff is correct that his initial convictions for first and second degree assault were reversed and remanded for new trial on May 14, 1985. *See Mead*, 472 So. 2d 449. However, the plaintiff was convicted again in 1985 on the first degree assault charge and sentenced to fifteen years (suspended) and placed on five years probation. (Doc. no. 17-1 at 49).[1] The provisions of *Heck* are therefore still applicable so long as the 1985 conviction remains valid.

The plaintiff next challenges the magistrate judge's finding with respect to the immunity of the judicial defendants. His contention is that Jefferson County Circuit Court Judge James Hard improperly prepared a new indictment in his own handwriting and charged the jury using the handwritten indictment. (Doc. no. 18 at

---

[1] The second degree assault charges were dismissed on December 6, 1985, based on the State court judge's finding that the prosecution was estopped from prosecuting the plaintiff for a second offense arising from the same incident. (Doc. no. 17-1 at 46).

3

3 & 17).² Although the plaintiff admits that this was done in the presence of his defense counsel, he contends that this act is "not a function normally performed by a judge" and, therefore, Judge Hard acted without jurisdiction, which places the act outside the protection of judicial immunity. (*Id.*) However, Rule 13.5 of the ALABAMA RULES OF CRIMINAL PROCEDURE allows for an indictment to be amended by a court under certain circumstances and with consent of the defendant. *See Bigham v. State*, 23 So. 3d 1174, 1177 (Ala. Crim. App. 2009) ("Rule 13.5, ALA. R. CRIM. P., allows for the amendment of an indictment if the defendant consents, with two exceptions-the State may not change the charged offense and the State may not charge a new offense not contemplated by the original indictment"). Therefore, even if Judge Hard acted in error or in excess of his authority, he did not act with a complete lack of jurisdiction. Merely acting in error or in excess of his authority does not deprive Judge Hard of judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991).

The plaintiff further alleges that prosecutorial immunity is not available to the defendants in this action. He contends that allowing his criminal action to go forward "without an indictment constitutes deliberate indifference" to his constitutional rights.

---

² The plaintiff attaches a copy of what he contends is the altered indictment form. (Doc. no. 18 at 17). It appears the handwritten portion of that document reduces the charge from attempted murder to first degree assault.

(Doc. no. 18 at 7). The plaintiff contends that because his prosecution resulted in a due process violation, that alone is sufficient to abrogate the defendant prosecutors' immunity. (*Id.*) This contention is without merit. The plaintiff has presented nothing to show that the defendants acted outside their roles as advocates for the state. Without such a showing, he cannot maintain this action against the prosecutors for their roles in the judicial phase of his prosecution. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Rehberg v. Paulk*, 611 F.3d 828, 837-38 (11th Cir. 2010).

The plaintiff also objects to the magistrate judge's finding that the private attorneys involved in his defense are also due to be dismissed. According to the plaintiff, one of his defense attorneys, Bryant E. Morgan, was the son of the District Attorney whose name appears on the indictment, Earl C. Morgan. (doc. no. 18 at 10). The plaintiff contends this is a conflict of interest which "suggest[s]" a conspiracy between his defense counsel and state actors. (*Id.* at 11). However, he presents no specific facts in support of his theory that a conspiracy existed between his defense counsel and the State, or how that alleged conspiracy manifested itself in resultant harm to him or his defense. As the magistrate judge correctly pointed out, private attorneys (and public defenders) representing criminal defendants do not act under color of state law and therefore cannot be liable in an action brought under § 1983 absent specifically pled facts showing a conspiracy between the attorney and public

5

officials. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

Finally, it is apparent that any claims not subject to the holding in *Heck* are due to be dismissed for the reason that they are brought beyond the statute of limitations period. For purposes of claims brought under § 1983, courts apply the State general or residual statute of limitations applicable to personal injury actions. *See Owens v. Okure*, 488 U.S. 235 (1989). The general or residual statute of limitations in Alabama is two (2) years. *See* ALA. CODE § 6-2-38(*l*)(1988 Supp)[3]; *Jones v. Preuit & Mauldin,* 876 F.2d 1480 (11th Cir. 1989) and *Foster v. Board of School Com'rs of Mobile County, Ala*, 872 F.2d 1563, 1567, n.4 (11th Cir. 1989). In this case, the plaintiff's claims are based upon events that occurred during the period from 1983-1985; a time more than twenty-four (24) years prior to the January 22, 2010, filing date of the complaint herein.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be **ADOPTED** and the recommendation is **ACCEPTED**. This action is therefore due to be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). A Final

---

[3] Section 6-2-38(*l*), ALA. CODE, provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

Judgment will be entered.

## "MOTION FOR A REQUIRED JOINDER"

Because this action is due to be dismissed, the plaintiff's pending "Motion for Required Joinder" (doc. 17) in which he seeks to substitute the name of Earl C. Morgan for the "John Doe" defendant named in the complaint is due to be deemed **MOOT**. Additionally, it is due to be denied because this defendant would be protected by prosecutorial immunity discussed above.

DONE this 21st day of September, 2011.

_____
United States District Judge